**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Sears Authorized Hometown Stores, LLC** | |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **26-2779641** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5500 Trillium Blvd., Suite 501** <br> **Hoffman Estates, IL 60192** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook** <br> County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **www.searshometownstores.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Sears Authorized Hometown Stores, LLC** | Case number *(if known)* |
|---|---|---|
| | Name | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__4431__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

| Debtor | **Sears Authorized Hometown Stores, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| List all cases. If more than 1, attach a separate list | Debtor | **Sears Hometown Stores, Inc.** | Relationship | **Parent** |
|---|---|---|---|---|
| | District | **District of Delaware** | When | **12/12/22** | Case number, if known |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

           Contact name _____

           Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    **Sears Authorized Hometown Stores, LLC**                                           Case number (*if known*) _____
          Name

**16.   Estimated liabilities**    ☐ $0 - $50,000                    ☐ $1,000,001 - $10 million           ☐ $500,000,001 - $1 billion
                                   ☐  $50,001 - $100,000              ☐ $10,000,001 - $50  million         ☐ $1,000,000,001 - $10 billion
                                   ☐ $100,001 - $500,000             ■ $50,000,001 - $100 million          ☐ $10,000,000,001 - $50 billion
                                   ☐ $500,001 - $1 million           ☐ $100,000,001 - $500 million         ☐ More than $50 billion

| Debtor | Sears Authorized Hometown Stores, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/12/2022
             MM / DD / YYYY

X    /s/ Elissa Robertson                    Elissa Robertson
Signature of authorized representative of debtor    Printed name

Title    **CEO**

**18. Signature of attorney**

X    /s/ Mark Minuti                    Date    12/12/2022
Signature of attorney for debtor                MM / DD / YYYY

**Mark Minuti 2659**
Printed name

**Saul Ewing LLP**
Firm name

**1201 North Market Street, Suite 2300
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 421-6840**    Email address    **Mark.Minuti@saul.com**

**2659 DE**
Bar number and State

## WRITTEN ACTION OF THE RESTRUCTURING COMMITTEE OF THE BOARD OF SEARS HOMETOWN STORES, INC.

The undersigned, being the sole member of the Restructuring Committee of the Board of Directors of Sears Hometown Stores, Inc. (the "**Restructuring Committee**"), a Delaware corporation, acting by written consent without a meeting, do hereby consent to the adoption of the following resolutions, to be effective as of December 12, 2022:

**WHEREAS**, Sears Authorized Hometown Stores, LLC ("**SAHS**") is a wholly-owned subsidiary of Sears Hometown Stores, Inc. ("**SHS**,"and together with SAHS, the "**Company**"), and, as such, SHS may authorize and approve corporate actions on SAHS's behalf;

**WHEREAS**, pursuant to a Written Consent of the Board of Directors of SHS dated December 12, 2022, the Board of SHS delegated to the Restructuring Committee all of the powers and authority of the Board with respect to any and all matters related to the restructuring of the Company;

**WHEREAS**, the Restructuring Committee has reviewed the Company's financial records, has considered the Company's business and financial condition, and is aware of the Company's assets, liabilities, potential liabilities and liquidity, and has had the opportunity to consult with the Company's management and advisors and fully considered all of the Company's strategic alternatives; and

**WHEREAS**, as a result of the Company's current financial situation, it appears that it is necessary for the Company to file for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

**NOW, THEREFORE, BE IT RESOLVED**, that the Restructuring Committee has determined in its judgment that it is desirable and in the best interests of the Company, its creditors and other interested parties to commence a case under chapter 11 of the Bankruptcy Code (each a " **Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**"); and

**FURTHER RESOLVED**, that the Chief Executive Officer or any other duly appointed officer of the Company (each individually an "**Authorized Officer**" and collectively the "**Authorized Officers**"), alone or with one or more other Authorized Officers be, and hereby are, authorized and empowered to execute and file on behalf of the Company, including in SHS's capacity as sole shareholder or member of SAHS, all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence a Chapter 11 Case, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case; and

## RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that the law firm of Saul Ewing LLP ("**Saul Ewing**") is hereby engaged as general and special bankruptcy counsel for the Company and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Saul Ewing in accordance with applicable law; and

**FURTHER RESOLVED**, that the firm of Gray & Company, LLC ("**G&CO**") is hereby engaged as financial advisor to the Company, subject to any requisite Bankruptcy Court approval, and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain G&CO in accordance with applicable law; and

**FURTHER RESOLVED**, that the firm of Stretto, Inc. ("**Stretto**") is hereby engaged as notice, claims and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Stretto in accordance with applicable law; and

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, subject to approval of the Restructuring Committee where required, authorized, empowered, and directed to employ any other professionals, consultants or advisors to assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals, consultants or advisors as necessary; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to, in the name and on behalf of the Company with respect to legal professionals, to retain or continue to employ such other professionals as they deem necessary, proper or desirable during the course of the Bankruptcy, subject to any requisite Bankruptcy Court approval; and

## GENERAL AUTHORIZATIONS

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and

other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that these resolutions shall be filed with the records of the Company.

**IN WITNESS WHEREOF**, the undersigned member of the Restructuring Committee has executed this Written Action to be effective as of the date first above written.

Patrick A. Daniello
Member, Restructuring Committee

[*Signature Page to Written Action*]

**Fill in this information to identify the case:**

Debtor name **Sears Authorized Hometown Stores, LLC, *et al.***

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (If known): _____

❑  Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Costco Innovel Solutions** 999 Lake Dr Issaquah, WA 98027 | Rick Jerabek P: 425-427-3585 rjerabek@costco.com | Trade | | | | **$1,124,404.87** |
| 2 | **BDO Seidman LLP** 330 N Wabash Ave Suite 3200 Chicago, IL 60611 | Dianna Lorton P: 312-616-4693 dlorton@bdo.com | Professional Services | | | | **$258,314.00** |
| 3 | **Cheng Cohen LLC** 363 W Erie St Suite 500 Chicago, IL 60654 | Amy Cheng P: 312-351-5237 amy.cheng@chengcohen.com | Professional Services | | | | **$213,066.70** |
| 4 | **Whirlpool** 2000 N M63 Benton Harbor, MI 49022 | James J Van De Wege P: 269-944-7005 james_j_van_de_wege@whirlpool.com | Trade | | | | **$152,091.18** |
| 5 | **Potter Anderson & Corroon LLP** 800 N State St Suite 304 Dover, DE 19901 | Berton W. Ashman, Jr. P: 302-984-6000 bashman@potteranderson.com | Professional Services | | | | **$144,701.71** |
| 6 | **GA Communications** 2196 W Park Ct Stone Mountain, GA 30087 | Claudia Puerto claudia.puerto@purered.net | Trade | | | | **$76,320.00** |
| 7 | **Dish Wireless Holdings** 9601 S Meridian Blvd Englewood, CO 80112 | Jordan Smith P: 714-987-1179 jordan.smith@dish.com | Trade | | | | **$38,445.40** |
| 8 | **Nextopia Software Corporation** 260 King St E, A200 Toronto, ON M5A 4L5 Canada | P: 800-360-2191 | Trade | | | | **$33,750.00** |

Debtor Name **Sears Authorized HometownStores, LLC,** *et al.*    Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Flexprint Intermediate LLC** 2845 N Omaha St Mesa, AZ 85215 | P: 888-353-9774 info@flexprintinc.com | Trade | | | | **$19,307.61** |
| 10 | **Abacaus Advisors Group LLC** 175 Washington Ave Suite 3 Dumont, NJ 07628 | Mitch Skowronski P: 812-369-7664 mskowronski@sb360.com | Trade | | | | **$17,500.00** |
| 11 | **Total Quality Logistics** 4289 Ivy Pointe Blvd Cincinnati, OH 45245 | P: 800-580-3101 clientservices@tql.com | Trade | | | | **$15,020.00** |
| 12 | **Google LLC** 1600 Amphitheatre Pkwy Mountain View, CA 94043 | P: 650-253-0000 | Trade | | | | **$13,992.87** |
| 13 | **Engie Insight Services Inc.** PO Box 2440 Spokane, WA 99210 | Todd Styren P: 509-329-7042 todd.styren@engie.com | Trade | | | | **$12,635.25** |
| 14 | **Brixmor Lake Pointe Village LLC** 200 Ridge Pike Suite 100 Conshohocken, PA 19428 | Emily Delp P: 610-832-6158 emily.delp@brixmor.com | Rent | | | | **$12,578.75** |
| 15 | **Sycamore Center Dekalb, LLC** 3333 Richmond Rd Suite 350 Beachwood, OH 44122 | Shari Juratovac P: 216-455-5007 sjuratovac@midamco.com | Rent | | | | **$12,458.12** |
| 16 | **Greensfelder, Hemker & Gale, PC** 10 S Broadway Suite 2000 St. Louis, MO 63102 | P: 314-241-9090 | Professional Services | | | | **$10,913.50** |
| 17 | **RR Donnelley** 4101 Winfield Rd 5th Floor Warrenville, IL 60555 | Daniel Weberski P: 630-780-0128 daniel.e.weberski@rrd.com | Professional Services | | | | **$8,683.47** |
| 18 | **Springfield Sign & Graphic** 4825 E Kearney St Springfield, MO 65803 | Hailey Erter P: 417-862-2454 EXT. 110 haileee@springfieldsign.com | Trade | | | | **$8,172.01** |
| 19 | **Agilence Inc** 1020 Briggs Rd Suite 110 Mt. Laurel Township, NJ 08054 | P: 856-366-1200 | Trade | | | | **$8,000.00** |
| 20 | **Cannon Square, LLC** c/o Prickett Jones & Elliott PA 1310 King St Wilmington, DE 19801 | Marcus E. Montejo, Esq. memontejo@prickett.com | Litigation Claim | Unliquidated Disputed | | | **$0.00** |

40904718.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*,[1] | ) Case No. 22-_____ (___) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) |

## COMBINED CORPORATE OWNERSHIP STATEMENT AND
## LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
## FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) and 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 1007.1 of the Federal Rules of Bankruptcy Procedure, Sears Authorized Hometown Stores, LLC and Sears Hometown Stores, Inc., debtors and debtors in possession in the above-captioned chapter 11 cases, hereby state as follows:

1. Debtor Sears Authorized Hometown Stores, LLC is owned 100% by Debtor Sears Hometown Stores, Inc.

2. Debtor Sears Hometown Stores, Inc. is owned by the following non-debtors in the following percentages: (1) ESL Partners, L.P., last known address of 1170 Kane Concourse, Suite 200, Bay Harbor Islands, FL 33154 (9%), (ii) Edward S. Lampert, last known address of 1170 Kane Concourse, Suite 200, Bay Harbor Islands, FL 33154 (37.75%), (iii) Hometown Midco LLC, last known address of 3333 Beverly Road, Hoffman Estates, IL 60179 (45.23%), and (iv) Tommy Tisch & Affiliates, last known address of 655 Madison Avenue, 11th Floor, New York, NY 10065, c/o TFMG Associates, LLC, Attn: Barry Bloom, Chief Executive Officer (8.03%).

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Sears Authorized Hometown Stores, LLC (9641) and Sears Hometown Stores, Inc. (8358). The Debtors' mailing address is 5500 Trillium Blvd. Suite 501, Hoffman Estates, IL 60192.

**Fill in this information to identify the case:**

Debtor name  **Sears Authorized Hometown Stores, LLC, et al.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration  **Combined Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/12/2022            X  */s/ Elissa Robertson*
                                    Signature of individual signing on behalf of debtor

                                    **Elissa Robertson**
                                    Printed name

                                    **CEO**
                                    Position or relationship to debtor

---