**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 22-11303 (BLS) |
| SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*[1] | ) | (Jointly Administered) |
| | ) | **Hearing Date: September 9, 2026 at 9:00 a.m. (ET)** |
| Debtors. | ) | **Objection Deadline: August 21, 2026 at 4:00 p.m. (ET)** |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH IRON MOUNTAIN, INC.**

Jeoffrey L. Burtch, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estates ("Estates") of the above-captioned debtors ("Debtors"), by and through his undersigned counsel, hereby moves for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the settlement (the "Settlement") entered into by and between the Trustee and Iron Mountain, Inc. ("Iron Mountain"), the terms of which are memorialized in the *Settlement Agreement* (the "Settlement Agreement"), a copy of which is attached hereto and incorporated herein as **Exhibit A**; and (ii) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlement Agreement. In support of this Motion, the Trustee respectfully states:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are the following: Sears Authorized Hometown Stores, LLC (9641); and Sears Hometown Stores, Inc. (8358). The Debtors' mailing address is 5500 Trillium Blvd. Suite 501, Hoffman Estates, IL 60192.

2. Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-l(f) of the Local Rules of this Court, the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

**Background**

4. On December 12, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. A description of the Debtors, their businesses, and other background information is provided in the *Declaration of Elissa Robertson in Support of First Day Relief* [D.I. 2], which the Debtors filed with the Court on the Petition Date.

5. On February 22, 2023 (the "Conversion Date"), the Court entered an order converting the cases to cases under chapter 7 of the Bankruptcy Code and providing related relief. The Trustee was appointed as the interim trustee on that same day.

6. The section 341 meeting of creditors was held and concluded on March 23, 2023. The Trustee now serves pursuant to section 702(d) of the Bankruptcy Code.

7. Prior to the Petition Date, the Debtors had an account or accounts for document storage with Iron Mountain. Upon information provided to the Trustee after his appointment as the trustee in these cases, the Trustee understands that Iron Mountain is storing approximately 25,975 boxes of the Debtors' historical records (the "Historical Records"). The Debtors' storage agreement with Iron Mountain included a monthly fee of no less than $5,000.00 as of the Petition Date. An inventory provided by Iron Mountain of the Historical Records indicates that the vast majority of the Historical Records have been stored with Iron Mountain since prior to 2019. In the

small number of entries where the inventory is silent as to transmittal dates, it appears that such entries contain records from prior to 2020.

8. After the Conversion Date, counsel for Iron Mountain contacted counsel for the Trustee to discuss the account and the Historical Records. Iron Mountain provided the Trustee with an inventory of the Historical Records and proposed discussing a resolution to the Debtors' growing liability to Iron Mountain.

9. Iron Mountain has indicated to the Trustee that the cost to retrieve, administer and destroy the Historical Records, along with the accrued post-petition storage fees, will likely exceed $200,000.00 (the "Closure Costs"). Upon a review of the inventory the Trustee has determined that the Historical Records serve no continuing purpose to the Trustee's administration of the Estates. Furthermore, the carrying costs associated with continued storage of the Historical Records exceed any potential value that such records may have. Therefore, the Trustee and Iron Mountain have negotiated the Settlement as memorialized in the Settlement Agreement which would cease the accrual of storage fees while also providing a reasonable disposal of the Historical Records.

**The Proposed Settlement**

10. The following is a summary of the salient terms of the Settlement Agreement:[2]

> Payment: Upon Court approval of the Settlement, the Trustee shall pay to Iron Mountain $30,000.000 in satisfaction of the Closure Costs.
>
> Destruction of the Historical Records: Upon receipt of the Settlement Payment, Iron Mountain will be authorized and directed to destroy the Historical Records, terminate all inventory and close the Debtors' account in the manner and on the timeline Iron Mountain deems appropriate in its sole discretion. For the avoidance of doubt, Iron Mountain will execute such duties in a manner

[2] This Motion merely summarizes the terms of the Settlement Agreement. The Trustee refers the Bankruptcy Court and all parties to the Settlement Agreement for its complete terms and conditions.

> sufficient to reasonably eliminate the risk of unlawful disclosure of the contents of the Historical Records.
>
> Mutual Releases: Both Iron Mountain and the Trustee, on behalf of the Estates, release, remise, acquit and forever discharge the other from any and all actions, causes of action, claims, suits, demands, rights, debts, dues, obligations, accounts, contracts, agreements, controversies, judgments, damages, losses, costs, expenses, fees, attorneys' fees, sanctions, executions, liabilities, obligations and any and all other liabilities of any kind whatsoever, either in law or equity, whether known or unknown, suspected or unsuspected which could have been asserted from the beginning of time to the date hereof against each other, solely relating to the Debtors' account and the Historical Records.

## Relief Requested

11. By this Motion, the Trustee seeks entry of an order, substantially in the form attached, approving the terms of the Settlement and the Settlement Agreement, and authorizing the Trustee to take any and all actions that may be necessary or appropriate to implement the provisions of the Settlement Agreement.

## Basis For Relief Requested

12. This Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a). Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier

on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). The approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See*, *e.g.*, *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

14. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). The Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors. *See Martin*, 91 F.3d at 393 (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

15. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. "[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'" *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (*quoting In re Penn Central Transp. Co*., 596 F.2d 1102, 1114 (3d Cir. 1979)).

16. The Trustee submits that the relevant factors weigh in favor of approving the Settlement. The Settlement resolves Iron Mountain's potential claim against the Estates and provides for a significantly discounted rate to dispose of the Historical Documents. The Settlement further ensures the efficient resolution of the Trustee's administration of such valueless assets of the Estates.

17. Given the elimination of the significant expense inherent in disposing estate records, as well as the resolution of Iron Mountain's potential administrative expense for the continued post-conversion storage of the Historical Records, the Trustee believes that the Settlement is fair and equitable to the Estates, their creditors, and all other parties in interest. For these reasons, the Trustee respectfully submits that the Court should approve the Settlement.

**NOTICE**

18. Notice of this Motion will be given to the following parties: (i) the Debtors' counsel; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel for Iron Mountain; (iv) PNC Bank; (v) the Debtors' twenty largest unsecured creditors as listed in their schedules of assets and liabilities filed in the Bankruptcy Cases; and (vi) all parties in interest who have requested notice pursuant to Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested herein and the costs that would be incurred by providing notice to the entire body of creditors in these cases, the Trustee respectfully submits that his limiting notice to the Notice Parties is appropriate, and that no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) approving the Settlement and Settlement Agreement; (ii) authorizing the Trustee to enter into the Settlement Agreement and to take any and all actions necessary or appropriate to implement the terms and provisions of the Settlement Agreement; (iii) providing related relief; and (iv) granting any other relief as may be appropriate.

Dated: August 5, 2026

**COZEN O'CONNOR**

*/s/ Gregory F. Fischer*
Mark E. Felger (DE No. 3919)
Simon E. Fraser (No. 5335)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
sfraser@cozen.com
gfischer@cozen.com

*Counsel to Jeoffrey L . Burtch, Chapter 7 Trustee*